FILED
2009 Jul-31  PM 02:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| ERNEST SUMMERFORD, | ) |
| Plaintiff, | ) |
| v. | )   5:09-cv-00132-JEO |
| SAND MOUNTAIN PROPANE GAS, INC., and UNITED PROPANE GAS, INC., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., case in which the plaintiff, Ernest Summerford, seeks payment from his employer, defendants Sand Mountain Propane Gas, Inc., and United Propane Gas, Inc., for unpaid overtime wages and liquidated damages, as well as attorney's fees and costs pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b). (*See* Complaint ("Compl."), Doc. 1).  It is now before the court on the parties' "Joint Motion for Approval of Settlement"  ("Joint Mot.," Doc. 15), as well as their "Supplemental Stipulation of Facts" in support of their joint motion ("Supp. Stip.," Doc. 18).   The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).  (Doc. 16).  For the reasons that follow, the court concludes that it can and does approve the parties' settlement and grants the motion to dismiss.

## DISCUSSION

The plaintiff alleges that he worked as many as 55 hours per week on an average basis as a propane truck driver and propane tank setter during his employment with Sand Mountain

Propane Gas from November 2004 through March 2008, but was not paid overtime wages for time worked in excess of 40 hours per week, as required under the FLSA, *see* 29 U.S.C. § 207. (Supp. Stip. at ¶ 1). As previously stated in the court's order setting this matter for a hearing:

> The FLSA provides that employees are generally entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of 40 per week. *See* 29 U.S.C. § 207(a)(1). An employer who violates the FLSA is liable to its employee for both unpaid overtime compensation and for an equal amount in liquidated damages. 29 U.S.C. § 216(b). In an action to recover unpaid overtime compensation, a court is further required to award a prevailing plaintiff a reasonable attorney's fee and costs of the action. *Id.*

(Doc. 6 at p. 3). In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the court stated that "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008). Therefore, the court requested that the parties provide information concerning the following matters at an evidentiary hearing: (1) the plaintiff's title or position with the defendant or whether there are any circumstances that might support or rebut that the plaintiff was exempt from, or otherwise not subject to, FLSA overtime requirements; (2) the number of overtime hours that the plaintiff claims to have worked; (3) the time period(s) for which the plaintiff claims he was not paid overtime; (4) the plaintiff's alleged regular rate of pay during the period(s) for which he seeks overtime; (5) circumstances that might tend to support or

rebut a claim that the defendant's alleged violation was "willful," so as to extend the statute of limitations from two to three years, *see* 29 U.S.C. § 255(a); (6) the amount of overtime wages that the plaintiff is claiming in this action; (7) the nature of any potentially disputed legal or factual issues; or (8) how the settlement is being allocated as between wages, the liquidated damages, and an attorney's fee.

Prior to the date of the hearing, the parties filed their Supplemental Stipulation, in which they addressed the areas listed above.  The parties also withdrew their request to keep the Settlement Agreement confidential.  Premised thereon, the court finds that during the relevant period, the plaintiff was a truck driver/tank setter working for one or both of the defendants.  His allegations include that from about November 2004 through March 2008, he worked an average of 15 overtime hours per week, which entitled him to approximately $60.00 per week in overtime pay.  (Supp. Stip. at ¶ 1).  His unpaid overtime wages are estimated at between $4,900.00 and $7,380.00.  The Stipulation further demonstrates that several legitimate disputes exist, including: (1) whether the plaintiff worked more than 40 hours in any work week; (2) whether the plaintiff is exempt from overtime under the Interstate Motor Carrier Act and under the FLSA as a commissioned sales person; (3) whether defendant United Propane Gas is a proper party; (4) what the proper period for overtime calculation should be; and (5) whether the defendants willfully violated the FLSA.  (Supp. Stip. at ¶ 2).

The settlement amount, which is specified in the agreement, includes appropriate amounts for the disputed overtime pay.  (Supp. Stip. at ¶ 5).  Also included is the agreed-upon

attorney's fee, which the court finds to be reasonable.[1]

Premised on the foregoing, the court finds the compromised settlement of this matter to be fair and reasonable under the circumstances.  Accordingly, the settlement is due to be approved and this matter dismissed with prejudice.  The evidentiary hearing set for Friday, July 31, 2009, is canceled.

**DONE** this 31st day of July, 2009.

_John E. Ott_

**JOHN E. OTT**
United States Magistrate Judge

---

[1] The court initially had concerns regarding the amount of the fee.  However, counsel for the plaintiff submitted additional information regarding the hours expended and the hourly rate charged.  Upon consideration of this information, the court finds the fee to be reasonable.  The court will direct in a separate order the Clerk of the Court to file the additional information (Letter of Braxton Schell, Jr. dated July 30, 2009) in the court's record.